IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| BORIS MURPHY, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 1:21-00053 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Document No. 1) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Petition, the undersigned finds and respectfully recommends that Petitioner's Petition should be dismissed.

**FACT AND PROCEDURE**

**A.    Criminal Action No. 4:97-cr-00020:**

On August 3, 1998, Petitioner pled guilty in the United States District Court for the Eastern District of North Carolina to one count of conspiracy in violation of 18 U.S.C. § 371 (Count 1); one count of interference with commerce by threat or violence (Hobbs Act Robbery), and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2 (Count 2); one count of theft of firearms from a federal firearms licensee, and aiding and abetting, in violation of 18 U.S.C. § 922(u)(1) and (2) (Count 3); two counts of use of a firearm during a crime of violence (robbery), and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and (2) (Counts 4 and 12); one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and (2) (Count 6); one count of

conspiracy to possess with intent to deliver crack cocaine in violation of 21 U.S.C. § 846 (Count 8); and possession with intent to distribute cocaine base, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 2 (Count 11). Murphy v. United States, Case No. 4:97-cr-00020 (E.D.N.C. Oct. 21, 1998), Document No. 74. On October 21, 1998, the District Court sentenced Petitioner as follows: 60 months as to Count 1; 240 months as to Count 2, concurrent with Count 1; 120 months as to Count 3, concurrent with Count 2; 120 months as to Count 6, concurrent with Counts 1, 2, and 3; Life as to Counts 8 and 11, concurrent with Counts 1, 2, 3, and 6; and 240 months as to Count 12, consecutive to all Counts. Id., Document No. 83. Petitioner did not file an appeal to the Fourth Circuit Court of Appeals.

**B.    Section 2255 Motion:**

On November 1, 2004, Petitioner filed in the Eastern District of North Carolina a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 107. As grounds for relief, Petitioner asserted he was denied effective assistance of counsel. Id. By Order entered on December 16, 2004, the District Court notified Petitioner that his Section 2255 appeared time barred and his Section 2255 Motion would be dismissed as untimely unless Petitioner filed a Response within 20-days demonstrating the timeliness of his Motion. Id., Document No. 109. On February 14, 2005, Petitioner filed his Response. Id., Document No. 114. By Order and Judgment entered on March 1, 2005, the District Court dismissed Petitioner's Section 2255 Motion as untimely. Id., Document Nos. 115 and 116. On March 29, 2005, Petitioner filed a Motion for Reconsideration. Id., Document No. 117. By Order entered on April 22, 2005, the District Court denied Petitioner's Motion for Reconsideration. Id., Document No. 118.

**C.    Motion for Authorization to File a Successive Section 2255 Motion:**

On October 3, 2016, Petitioner, by counsel, filed a Motion for Authorization to File a

Successive Section 2255 Motion with the Fourth Circuit Court of Appeals. In re: Boris Murphy, Case No. 16-3087 (4th Cir. 2016), Document No. 2-1. In support, Petitioner argued that his Section 924(c) convictions were invalid in light of Johnson v. United States, 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Id. As an Exhibit, Petitioner attached a copy of his Proposed Section 2255 Motion. Id., Document No. 2-2. By Notice of Authorization entered on October 24, 2016, the Fourth Circuit granted Petitioner authorization to file a successive application for post-conviction relief. Id., Document No. 8-1. The Fourth Circuit further directed that the proposed Section 2255 Motion attached to Petitioner's Motion for Authorization to File a Successive Section 2255 Motion be transferred and filed in the Eastern District of North Carolina. Id.

**D.     Second Section 2255 Motion:**

On October 3, 2016, Petitioner filed in the Eastern District of North Carolina his second Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 137. In support, Petitioner argued that his Section 924(c) convictions were invalid in light of Johnson v. United States, 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). On December 2, 2016, the United States filed a Motion to Dismiss and Memorandum in Support. Id., Document Nos. 142 and 143. On April 4, 2017, Petitioner filed his Response in Opposition. Id., Document No. 152. By Order entered on March 8, 2018, the District Court directed Petitioner to show cause within 30 days as to why his Section 2255 Motion should not be dismissed based on the decision in Untied States v. Brown, 868 F.3d 297 (4th Cir. 2017), reh'g denied, No. 16-7056 (4th Cir. Feb. 26, 2018). Id., Document No. 167. On April 3, 2018, Petitioner, by counsel, filed his Response. Id., Document No. 170. By Order and Judgment entered on October 4, 2019, the District Court granted the United States' Motion to Dismiss and denied Petitioner a certificate of appealability. Id., Document Nos. 189 and 190.

E.   **Motion to Reduce Sentence:**

On January 8, 2021, Petitioner filed in the Eastern District of North Carolina a "Motion for Reduction of Sentence Under Section 404 of the First Step Act of 2018 and Motion for Compassionate Release." Id., Document No. 214. On January 28, 2021, the United States filed its Response in Opposition. Id., Document No. 217. On February 4, 2021, Petitioner filed his Reply. Id., Document No. 219. On February 22, 2021, Petitioner filed an Affidavit in Support. Id., Document No. 222. By Order entered on October 4, 2021, the District Court granted Petitioner's Motion for Reduction and reduced Petitioner's sentence to the following:

> Defendant's sentence of imprisonment as reflected in the judgment dated 21 October 1998 is REDUCED to 240 months on Count 8 to run concurrently with the terms in Counts 1, 2, 3, and 6; to 180 months on Count 11 to run consecutively to the terms in Counts 1, 2, 3, 6, and 8; and to 60 months on Count 12 to run consecutively to all other counts, resulting in a total term of 540 months. All other provisions of the 21 October 1998 judgment shall remain in effect, including the terms of imprisonment imposed on Counts 1, 2, 3, 4, and 6.

Id., Document No. 225.

F.   **Instant Section 2241 Petition:**

On January 21, 2021, Petitioner, acting *pro se*, his instant Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.[1] (Civil Action No. 1:21-00053, Document No. 1.) In his Petition, Petitioner challenges the validity of his convictions and sentences. (Id.) First, Petitioner argues that in light of Nelson v. Colorado, 581 U.S. 128, 137 S.Ct. 1249, 197 L.Ed.2d 611 (2017), the sentencing court committed "sentencing error" by improperly considering "acquitted conduct" as relevant conduct in determining his sentencing guideline range. (Id., pp. 3, 14 – 17.) Second,

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Petitioner asserts that he was denied effective assistance of counsel. (Id., pp. 3 - 13.) In support Petitioner argues that counsel was ineffective based on the following: (1) Counsel had a conflict of interest; (2) Counsel failed to investigate a witness that had alibi testimony and exculpatory evidence; (3) Counsel coerced Petitioner into entering an involuntary plea of guilty; (4) Counsel failed to file a direct appeal as requested by Petitioner; (5) Counsel failed to file pretrial motions or discovery requests; (6) Counsel failed to conduct an adequate investigation; and (7) Counsel failed to assert a speedy trial violation. (Id.) Petitioner requests that the Court "grant habeas corpus relief." (Id., p. 13.)

**G.    Motion to Revise Criminal History Category:**

On September 16, 2022, Petitioner filed in the Eastern District of North Carolina a Motion to Revise Criminal History Category. Murphy v. United States, Case No. 4:97-cr-00020, Document No. 231. On February 17, 2023, following the granting of several extensions of time, the United States filed its Response in Opposition. Id., Document No. 245. By Order entered on May 24, 2023, the District Court denied Petitioner's above Motion. Id., Document No. 246.

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is

a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000), abrogated on other grounds by, Jones v. Hendrix, 599 U.S. ___, 143 S.Ct. 1857, ___ L.Ed.2d ___ (2023). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his convictions and sentences as imposed by the Eastern District of North Carolina. Specifically, Petitioner alleges that his sentences are invalid based upon Nelson and his convictions are invalid based upon ineffective assistance of counsel. Petitioner, therefore, is clearly challenging the validity of his convictions and sentences, not the manner in which his sentences are being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section

2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Petition as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of North Carolina. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Petition should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a successive Motion from the Fourth Circuit Court of Appeals regarding his above claims.[2]

---

[2] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Petition actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. §

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255's "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." 28 U.S.C. § 2255(e)("An application for a writ of habeas corpus in behalf of a petitioner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.")(emphasis added). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 "inadequate or ineffective." Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). Over the years, a circuit split resulted from courts struggling with determining when Section 2255 was "inadequate or ineffective" such to permit a petitioner to proceed under the "savings clause." See Jones v. Hendrix, 8 F.4th 683, 686-87 (8th Cir. 2021)(noting the circuit split over the question whether a change in case law,

---

2244(b)(3)(A).

combined with the successive motions bar, makes Section 2255's remedy inadequate or ineffective as to allow a petitioner to seek relief under Section 2241). Recently, the United States Supreme Court addressed the issue in Jones v. Hendrix holding that "§ 2255(e)'s savings clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Jones v. Hendrix, 599 U.S. ___, 143 S.Ct. 1857, ___ L.Ed.2d ___ (2023).

Prior to Jones v. Hendrix, the Fourth Circuit stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." Id. at 429. "The Supreme Court's recent decision in Jones v. Hendrix rejected the foundation of the Fourth Circuit's reasoning in

interpreting the saving clause and abrogated the standards in In re Jones and Wheeler." Barrie v. United States, 2023 WL 5044977, * 3 (E.D.Va. Aug. 8, 2023); also see Johnson v. Dunbar, 2023 WL 5211052, * 3 (D.S.C. July 12, 2023)(finding that "*Jones v. Hendrix* abrogated the holdings *In re Jones* and *Wheeler*"), report and recommendation adopted, 2023 WL 5207981 (D.S.C. Aug. 14, 2023). As stated above, the Supreme Court clarified in Jones v. Hendrix that "§2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Jones v. Hendrix, 599 U.S. at ___, 143 S.Ct. at 1860. The Supreme Court emphasized that the savings clause does not provide a means for a petitioner to evade the limitations of Section 2255(h) such that a petitioner's inability to satisfy the requirements of Section 2255(h) equals a determination that Section 2255 is "inadequate or ineffective" in satisfaction of the savings clause. Id., 599 U.S. at ___, 143 S.Ct. at 1869("The inability of a prisoner with a statutory claim to satisfy those conditions [of Section 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case.") The Supreme Court stated that the "[b]asic principles of statutory interpretation require that we construe the saving clause and § 2255(h) in harmony, not set them at cross-purposes." Id., 599 U.S. at ___, 143 S.Ct. at 1868. The Supreme Court further explained that when Congress enacted Section 2255, the savings clause covered "unusual circumstances" where "it is impossible or impracticable for a prisoner to seek relief from the sentencing court. The clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." Id. Additionally, the savings clause "might also apply when 'it is not practicable for a prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons.'" Id.,

599 U.S. at \_\_\_, 143 S.Ct. at 1866(citation omitted). Finally, the Supreme Court reiterated that the savings clause "does not displace § 2241 when a prisoner challenges 'the legality of his *detention*' without attacking the validity of his *sentence*." Id., 599 U.S. at \_\_\_, 143 S.Ct. at 1867(emphasis in original).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he can resort to Section 2241. In his Petition, Petitioner completely fails to explain how his claims based upon Nelson or ineffective assistance of counsel satisfies the criteria of the savings clause. Furthermore, the undersigned finds that Nelson is inapplicable to Petitioner's case.[3] As stated above, the fact that

---

[3] In *Nelson*, the Supreme Court invalidated a Colorado law that required "a defendant [to] prove her innocence by clear and convincing evidence to obtain the refund of costs, fees, and restitution paid pursuant to an invalid conviction." *Nelson v. Colorado*, \_\_\_ U.S. \_\_\_, 137 S.Ct. 1249, 1255, 197 L.Ed.2d 611 (2017). The Supreme Court held that "[w]hen a criminal conviction is invalidated by a reviewing court and no retrial will occur," due process requires the state "to refund fees, court costs, and restitution exacted from the defendant upon, and as a consequence of, the conviction." *Id.*, \_\_ U.S. at \_\_, 137 S.Ct. at 1252. First, the undersigned finds that *Nelson* did not create or recognize a new rule of constitutional law that applies retroactively on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 2483, 150 L.Ed.2d 632 (2010)("a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."); *also see Walker v. United States*, 2019 WL 4386742, * 3 (S.D.W.Va. Aug. 22, 2019)(*Nelson* does not change substantive law nor does it retroactively apply to cases on collateral review), *report and recommendation adopted*, 2019 WL 4389037 (S.D.W.Va. Sep. 12, 2019); *Broxmeyer v. Ormond*, 2019 WL 2571276, * 5 (E.D.Va. April 22, 2019)(concluding that *Nelson* did not create any retroactive rule that might affect the legality of defendant's sentence), *report and recommendation adopted*, 2019 WL 2569554 (E.D.Va. June 20, 2019), *aff'd*, 785 Fed.Appx. 147 (4th Cir. 2019), *cert. denied*, 2020 WL 1979012, 206 L.Ed.2d 861 (2020); *United States v. Hicks*, 2018 WL 5115517, * 1 (D.C. Cir. 2018)("[P]etitioner has not made a prima facie showing that *Nelson* establishes a 'new rule of constitutional law' that applies to his criminal sentence."); *Wardell v. Joyner*, 2018 WL 6539167, * 2 (D.S.C. Aug. 3, 2018)("*Nelson* is not a change in controlling law that affects Petitioner's sentence"), *report and recommendation adopted*, 2018 WL 5839550 (D.S.C. Nov. 8, 2018), *aff'd*, 785 Fed.Appx. 978 (4th Cir. 2019).
 Second, the undersigned finds that *Nelson* is inapplicable to Petitioner's case. In the instant case, Petitioner does not identify an invalidated conviction or any fees, costs, or restitution imposed on him for an invalidated conviction. Petitioner, however, appears to contend that his sentence was unconstitutionally enhanced because of the District Court's consideration of uncharged or "acquitted" conduct, including conduct underlying charges that were dismissed as part of his plea agreement. In *Watts*, the Supreme Court held that a sentencing court could consider acquitted conduct in calculating a defendant's sentence so long as the conduct has been proven by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148, 156-57, 117 S.Ct. 633, 637-38, 136 L.Ed.2d 554 (1997). A review of *Nelson*, however, reveals that the Supreme Court did ***not*** decide or address the issue of whether a sentencing court could enhance a defendant's sentence based on acquitted or uncharged conduct. Furthermore, there is no authority supporting an argument that *Nelson* overruled *Watts*. *See United States v. Johnson*, 2018 WL 1876018, * 17, n. 19 (10th Cir. 2018)(noting that *Nelson* does not even mention and there is no reason to presume that the Supreme Court overturned earlier authority *sub silentio*); *United States v. McShan*, 757 Fed.Appx. 454, 466-67 (6th Cir. 2018)("*Nelson* did not implicate the Guidelines."), *cert. denied*, \_\_\_ U.S. \_\_\_, 139 S.Ct. 2032, 204 L.Ed.2d 232 (2019); *Walker*, 2019

relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 "inadequate or ineffective." See Jones v. Hendrix, 599 ___ U.S. ___, 143 S.Ct. at 1869("The inability of a prisoner with a statutory claim to satisfy those conditions [of Section 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all."); also see Barfield v. Streeval, 2023 WL 5318468 (4th Cir. Aug. 18, 2023)(dismissing petitioner's Section 2241 petition challenging the validity of his conviction in light of the Supreme Court's *Jones v. Hendrix* decision); Folk v. Gibson, 2023 WL 5018422, * 2 (M.D.Penn. Aug. 7, 2023)(citing *Jones v. Hendrix* in dismissing petitioner's Section 2241 challenge to his conviction based upon *Rowe*). Nor has Petitioner identified any "unusual circumstances" that would make it "impossible or

---

WL 4386742, at * 3("As is plain from *Nelson*, the Supreme Court's decision does not touch on sentencing considerations, sentencing guidelines, or relevant conduct in sentencing."); *Hatfield v. Young*, 2019 WL 4196613, * (S.D.W.Va. June 7, 2019)(finding that "Petitioners' argument that *Nelson* retroactively invalidates their sentences is groundless given that the decision in *Nelson* did not affect the well-settled case law establishing that sentencing courts may consider relevant conduct, even acquitted conduct, when determining the appropriate sentence for validly imposed convictions."), *report and recommendation adopted*, 2019 WL 4197117 (S.D.W.Va. Sept. 3, 2018), *aff'd*, 790 Fed.Appx. 547 (4th Cir. 2020); *Fortenberry v. Ormond*, 2019 WL 1869854, * 3 (E.D.Va. April 25, 2019)("Contrary to Fortenberry's suggestion here, *Nelson* simply has no bearing on a court's ability to consider relevant conduct during sentencing or the applicability of sentencing enhancements under the United States Sentencing Guidelines."); *Broxmeyer*, 2019 WL 2571276, at * 5(rejecting petitioner's claim that the court improperly used "uncharged, dismissed and acquitted conduct in calculating his Sentencing Guidelines range" after finding that Nelson made no mention of the Sentencing Guidelines and the use of relevant conduct); *Minor v. Coakley*, 2018 WL 4871131, * 3 (N.D.W.Va. Oct. 9, 2018)(In *Nelson*, "[t]he Supreme Court did not decide or address the issue of whether it is a violation of due process to enhance a sentence based on unconvicted or uncharged conduct."), *report and recommendation adopted*, 2018 WL 4871131 (N.D.W.Va. Oct. 9, 2018); *Wardell*, 2018 WL 6539167 at * 2("*Nelson* does not affect the validity of federal sentencing laws that take into account conduct that is not charged in the indictment or proved at trial."); *United States v. Burg*, 2018 WL 10230986, * 2 (D.Colo. June 8, 2018)("*Nelson* neither expressly nor impliedly overruled *Watts*."), *aff'd*, 764 Fed.Appx. 836 (10th Cir. 2019); *Lewis v. Mosely*, 2018 WL 2422045, * 4 (D.S.C. May 9, 2018)("There is no indication upon review of cases giving negative treatment to *U.S. v. Watts* that any case has overruled *U.S. v. Watts*, much less *Nelson*. Additionally, *Nelson* makes no reference to *Watts* whatsoever. Moreover, the principles established in *Nelson* do not overrule the principles established in *Watts*."), *report and recommendation adopted*, 2018 WL 2416913 (D.S.C. May 29, 2018); *Miller v. United States*, 2018 WL 1693372, * 2 (D.Kan. April 5, 2018)(finding that *Nelson* "did not find that it was unconstitutional to consider relevant conduct, including conduct that was charge.") Moreover, it is well recognized that a sentencing court can consider acquitted or uncharged conduct as relevant conduct when sentencing a defendant if the conduct is established by a preponderance of the evidence. *Hoskins v. United States*, ___ U.S. ___, 139 S.Ct. 1468, 203 L.Ed.2d 697 (2019)("Acquitted or uncharged offense constitute relevant conduct if they 'occurred during the commission of the offense of conviction."); *United States v. Young*, 609 F.3d 348, 357 (4th Cir. 2010)(finding that when determining the appropriate sentence, the sentencing court "may consider acquitted conduct, so long as the court determines that they conduct was established by a preponderance of the evidence.").

impracticable" to seek relief from the sentencing court. See Jones v. Hendrix, 599 U.S. at ___, 143 S.Ct. at 1868; also see Joseph v. Dunbar, 2023 WL 5093488 (6th Cir. Aug. 8, 2023)(stating that *Jones v. Hendrix* makes "clear that [a petitioner] cannot use § 2241 as 'an end-run around' § 2255(h)'s rules"); Walton v. Warden, 2023 WL 5011933 (2nd Cir. Aug. 7, 2023)( petitioner failed to "suggest that 'unusual circumstances' render it 'impossible or impracticable for [him] to seek relief from the sentencing court.'"); Davis v. Streeval, 2023 WL 4828506, * 2 (W.D.Va. July 27, 2023)("[A] prisoner cannot use § 2241 to accomplish what he could not do in his request for a second motion under § 2255."). Based upon the foregoing, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed without prejudice for lack of subject matter jurisdiction. See Clark v. Leu, 2023 WL 4676854, at *1 (4th Cir. July 21, 2023)(citing Ali v. Hogan, 26 F.4th 587, 600 (4th Cir. 2022))(recognizing that dismissal of a Section 2241 petition for lack of subject matter jurisdiction must be a dismissal without prejudice).

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS without prejudice** Petitioner's Section 2241 Petition (Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these

Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: September 13, 2023.

Omar J. Aboulhosn
United States Magistrate Judge